1
2
3
4
5
6
7
8
9

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES FOR THE USE OF HAJOCA CORPORATION dba VISALIA PIPE & SUPPLY, | Case No.  1:13-cv-01824-LJO-SKO |
| | **FINDINGS AND RECOMMENDATION THAT PLAINTIFF'S COMPLAINT BE DISMISSED WITH PREJUDICE** |
| Plaintiff, | |
| v. | **OBJECTIONS DUE:  14 DAYS** |
| SOLPAC CONSTRUCTION INC., et al., | |
| Defendants. | |
| _____/ | |

## I.   INTRODUCTION AND BACKGROUND

Plaintiff United States for the Use of Hajoca Corporation dba Visalia Pipe & Supply ("Plaintiff") filed a complaint on November 7, 2013, against Defendants Solpac Construction Inc.; G.I. Bechthold Corporation; R.J. Lanthier Company, Inc.; Safeco Insurance Company of America; and DOES 1 through 70, inclusive (collectively "Defendants").  An initial scheduling conference was set for March 27, 2014.  However, because no summonses were returned showing Defendants had been served and because Plaintiff failed to communicate with the Court regarding the status of the case, the scheduling conference was vacated and reset for April 24, 2014.  (Doc. 7.)  Plaintiff was ordered to file proofs of service or a status report on or before March 28, 2014.

28

1   Plaintiff failed to file proofs of service or a status report.  On April 22, 2014, the Court
2   issued a minute order noting that Plaintiff had failed to comply with the March 17, 2014, minute
3   order and the scheduling conference set for April 24, 2014, was vacated.  (Doc. 8.)  Also on April
4   22, 2014, the Court issued an order requiring Plaintiff, by no later than May 7, 2014, to show
5   cause why the case should not be recommended for dismissal.  Plaintiff failed to respond to the
6   order to show cause.

7   For the reasons set forth below, it is RECOMMENDED that Plaintiff's complaint be
8   DISMISSED WITH PREJUDICE.

9                              **II.    DISCUSSION**

10   Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules
11   or with any order of the Court may be grounds for the imposition by the Court of any and all
12   sanctions . . . within the inherent power of the Court."  District courts have the inherent power to
13   control their dockets and "[i]n the exercise of that power they may impose sanctions including,
14   where appropriate . . . dismissal."  *Thompson v. Housing Auth*., 782 F.2d 829, 831 (9th Cir. 1986).
15   A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action,
16   failure to obey a court order, or failure to comply with local rules.  *See, e.g., Ghazali v. Moran*,
17   46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v.*
18   *Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order
19   requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988)
20   (dismissal for failure to comply with local rule requiring pro se plaintiff to keep court apprised of
21   address); *Malone v. U.S. Postal Serv*., 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure
22   to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424-25 (9th Cir. 1986)
23   (dismissal for failure to lack of prosecution and failure to comply with local rules).

24   In determining whether to dismiss an action for lack of prosecution, failure to obey a court
25   order, or failure to comply with local rules, the court must consider several factors: (1) the public's
26   interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the
27   risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their
28   merits; and (5) the availability of less drastic alternatives.  *Pagtalunan v. Galaza*, 291 F.3d 639,

642-43 (9th Cir. 2002); *see also Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.  "These factors are not a series of conditions precedent before the judge can do anything, but a way for a district judge to think about what to do."  *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (citation omitted).

Here, dismissal of Plaintiff's complaint is appropriate.  In considering the first factor, "[t]he public's interest in expeditious resolution of litigation always favors dismissal."  *Pagtalunan*, 291 F.3d at 642 (citation omitted).  Given Plaintiff's failure to file executed summonses, apprise the Court of the status of the case, and failure to respond to two separate orders, the first factor weighs in favor of dismissing the action.

The second factor, the court's need to manage its docket, also weighs in favor of dismissal.  "The court cannot manage its docket if it maintains cases in which a plaintiff fails to litigate his case.  The court's limited resources must be spent on cases in which the litigants are actually proceeding."  *Lopez v. Washington Mut. Bank, F.A.*, No. 1:09-CV-1838 AWI -JLT, 2010 WL 2629039, at *1 (E.D. Cal. June 25, 2010).  Plaintiff has failed to demonstrate any desire to continue prosecuting this action and has ignored repeated Court orders to file executed summonses and provide a status of the case.

As for the third factor, the risk of prejudice, the fact that a lawsuit is pending against a defendant who has not yet been ordered to respond "is not sufficiently prejudicial in and of itself to warrant dismissal."  *Pagtalunan*, 291 F.3d at 642; *Yourish v. Cal. Amplifier*, 191 F.3d 983, 991.  However, "[u]nnecessary delay inherently increases the risk that witnesses' memories will fade and evidence will become stale."  *Pagtalunan*, 291 F.3d at 642.  As such, any risk of prejudice to Defendants also weighs in favor of dismissal.

The fourth factor of public policy favoring disposition on the merits normally weighs against dismissal.  *Id*. at 643.  "At the same time, a case that is stalled or unreasonably delayed by a party's failure to comply with deadlines . . . cannot move forward toward resolution on the merits.  Thus, [the Ninth Circuit has] also recognized that this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct

3

1   impedes progress in that direction." *In re PPA*, 460 F.3d at 1228 (citation omitted).  As such, this

2   factor has little weight in cases such as this where the plaintiff essentially appears to be unable or

3   unwilling to proceed with the action.  *See id.; Lopez*, 2010 WL 2629039, at *2.

4        Concerning the fifth factor, the availability of lesser sanctions, "[t]he district court abuses

5   its discretion if it imposes a sanction of dismissal without first considering the impact of the

6   sanction and the adequacy of less drastic sanctions."  *In re PPA*, 460 F.3d at 1228.  The court must

7   consider the "feasibility of less drastic sanctions and explain why alternative sanctions would be

8   inadequate," whether there was an "alternative methods of sanctioning or curing the malfeasance

9   before ordering dismissal," and whether "the court warn[ed] the plaintiff of the possibility of

10  dismissal before actually ordering dismissal."  *Id*. at 1229 (citations omitted).  Here, Plaintiff was

11  expressly warned that dismissal would result from his noncompliance with the Court's orders.  The

12  Court's April 22, 2014, order stated that "[i]f Plaintiff fails to file a statement by May 7, 2014, the

13  Court will recommend that the complaint be dismissed with prejudice."  (Doc. 9, ¶ 2.)  As Plaintiff

14  has been unwilling to comply with multiple Court orders, and has demonstrated an unwillingness

15  or inability to continue prosecuting this action, dismissal is appropriate.

16                    **IV.    CONCLUSION AND RECOMMENDATION**

17        For the reasons stated above, IT IS HEREBY RECOMMENDED that this case be

18  dismissed with prejudice for Plaintiff's failure to prosecute and his failure to comply with the

19  Court's March 17, 2014, and April 22, 2014, orders.

20        These findings and recommendations are submitted to the district judge assigned to this

21  action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304.  Within fourteen

22  (14) days of service of this recommendation, any party may file written objections to these

23  findings and recommendations with the Court and serve a copy on all parties.  Such a document

24  should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The

25  district judge will review the magistrate judge's findings and recommendations pursuant to 28

26  U.S.C. § 636(b)(1)(C).  The parties are advised that failure to file objections within the specified

27  ///

28  ///

1  time may waive the right to appeal the district judge's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th

2  Cir. 1991).

3

4

   IT IS SO ORDERED.

5

6      Dated:   __**May 20, 2014**__                    _____**/s/ Sheila K. Oberto**_
                                                    UNITED STATES MAGISTRATE JUDGE
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28